IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

_____

| | | |
|---|---|---|
| TAMMY L. LAWTON, | ) | Cause No. CV 11-81-BU-RFC-CSO |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| MIKE MAHONEY; ATTORNEY | ) | |
| GENERAL OF THE STATE OF | ) | |
| MONTANA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

On December 5, 2011, Petitioner Tammy Lawton filed this action seeking a writ of habeas corpus under 28 U.S.C. § 2254. Lawton is a state prisoner proceeding pro se.

On January 10, 2012, Lawton was given leave to supplement her petition. The Order was mailed to Lawton at the address she provided. It was returned as undeliverable. The Clerk's Office attempted to locate her through the Correctional Offender Network, https://app.mt.gov/conweb, and directed mail to the Montana Women's Prison, the Missoula Probation and Parole Office, and the address provided

by Lawton. All mail directed to Lawton has been returned as undeliverable.

D. Mont. L.R. 5.2(b) (Jan. 1, 2012) provides:

The Court may dismiss a complaint without prejudice . . . when:

(1) a document directed to the . . . self-represented party by the Court has been returned to the Court as not deliverable; and

(2) the Court fails to receive within 60 days of this return a written communication from the . . . self-represented party indicating a current address for service.

Lawton filed her petition on December 5, 2011. On December 8, 2011, a Notice of Case Opening was sent to her at the address she provided. It was returned as undeliverable on December 12, 2011. All subsequent mailings were also returned. The Court has received no written communication from Lawton since December 12, 2011. The action should be dismissed without prejudice.

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because Lawton failed to respond to the Order to Supplement Petition, the Court is not able to determine whether she meets this standard. Dismissal without prejudice is appropriate and will not unduly prejudice Lawton. *Slack v. McDaniel*, 529 U.S.

473, 487 (2000). A certificate of appealability is not warranted.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. The Petition (doc. 1) should be DISMISSED WITHOUT PREJUDICE.

2. The Clerk of Court should be directed to enter by separate document a judgment of dismissal.

3. A certificate of appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Lawton may serve and file written objections to this Findings and Recommendation within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. If Lawton files objections, she must itemize each factual finding to which objection is made and must identify the evidence in the record she relies on to contradict that finding; and she must itemize each recommendation to which objection is made and must set forth the authority she relies on to contradict that recommendation. Failure to assert a relevant fact or argument in objection to this Findings and Recommendation may preclude Lawton from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendation to

which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Lawton must immediately notify the Court of any change in her mailing address by filing a "Notice of Change of Address."</u> Failure to do so may result in dismissal of her case without notice to her.

DATED this 14th day of February, 2012.

                                        /s/ *Carolyn S. Ostby*
                                        Carolyn S. Ostby
                                        United States Magistrate Judge